**RUSS, AUGUST & KABAT**
Alexander C. Giza, SBN 212327
agiza@raklaw.com
Andrew D. Weiss, SBN 232974
aweiss@raklaw.com
Jeffrey Z.Y. Liao, SBN 288994
jliao@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff*
*Modern Telecom Systems LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MODERN TELECOM SYSTEMS LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>FUJITSU LIMITED, a Japan corporation, and FUJITSU AMERICA, INC., a California corporation,<br><br>Defendants. | Case No. 8:14-cv-00920<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

This is an action for patent infringement in which Plaintiff Modern Telecom Systems LLC ("MTS") makes the following allegations against Fujitsu Limited and Fujitsu America, Inc. (collectively, "FUJITSU"):

## THE PARTIES

1. MTS is a California limited liability company.

2. On information and belief, Fujitsu Limited is a Japan corporation with its principal place of business at Shiodome City Center, 1-5-2 Higashi-Shimbashi,

Minato-ku, Tokyo 105-7123, Japan. On information and belief, Fujitsu Limited does business in the United States, including in this state and in this district, through its subsidiary, Fujitsu America, Inc., which is also named as a Defendant in this action.

3. On information and belief, Fujitsu America, Inc. is a California corporation with its principal place of business at 1250 East Arques Avenue, Sunnyvale, California 94085. On information and belief, Fujitsu America, Inc. can be served through its registered agent, C T Corporation System, 818 W Seventh St, Los Angeles, CA 90017.

## JURISDICTION

4. This action arises under the patent laws of the United States, 35 U.S.C. § 1, et seq., including § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over FUJITSU because, on information and belief, FUJITSU has done business in this District, has committed and continues to commit acts of patent infringement in this District, and/or has harmed and continues to harm MTS in this District, by, among other things, using, selling, offering for sale, and/or importing infringing products and services in this District. In addition, Fujitsu America, Inc. is incorporated under the laws of California, and has its principal place of business in California.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other reasons, FUJITSU is subject to personal jurisdiction in this District, and has committed and continues to commit acts of patent infringement in this District. On information and belief, for example, FUJITSU has used, sold, offered for sale, and/or imported infringing products in this District.

## FACTUAL BACKGROUND

7. The technology claimed in the patents asserted in this action was invented during the research and development activities of the Rockwell,

Conexant, and Mindspeed family of companies.  In 1999, Rockwell International spun off Rockwell Semiconductor group as Conexant Systems Inc.  Conexant inherited Rockwell's mixed signal semiconductor expertise and intellectual property portfolio, and was focused on developing semiconductor products for a broad range of communications applications.  These applications included wireline and wireless voice and data communication networks.  Conexant's Internet Infrastructure group was incorporated as Mindspeed Technologies (as a wholly-owned subsidiary) in 2001 and spun-off as an independent entity in 2003.  Mindspeed's focus is on semiconductor and software solutions for Internet access devices, switching fabric, and network processors.

8. MTS is the owner of the patents asserted in this action and has the exclusive right to sue for past, present, and future infringement of these patents.  MTS assumed all the rights and obligations related to these patents from Glocom Patents Licensing, LLC, which in turn assumed all the rights and obligations related to these patents from V-Dot Technologies, LLC (formerly V-Dot Technologies, Limited) ("VDOT"), which in turn assumed all the rights and obligations related to these patents from Telecom Technology Licensing, LLC ("TTL"), which in turn assumed all the rights and obligations related to these patents from Mindspeed Technologies, Inc.

9. MTS does not make, offer for sale, or sell within the United States any article covered by the patents asserted in this action, nor does MTS import any article covered by the patents asserted in this action into the United States.  Accordingly, MTS has complied with 35 USC § 287.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,504,886

10. United States Patent No. 6,504,886 ("the '886 patent"), entitled "Communication of an impairment learning sequence according to an impairment learning sequence descriptor," issued on January 7, 2003 from United States Patent

1  Application No. 09/956,207 filed on September 19, 2001. Application No. 09/956,207 is a Continuation of U.S. Patent Application Ser. No. 08/969,971, entitled Method and Apparatus for Generating a Line Impairment Learning Signal for a Data Communication System, filed Nov. 13, 1997 now U.S. Pat. No. 6,332,009, which is a Continuation-In-Part of U.S. Patent Application Ser. No. 08/922,851, entitled Method and Apparatus for Generating a Programmable Synchronization Signal for a Data Communication System, filed Sep. 3, 1997, now U.S. Pat. No. 6,212,247. A true and correct copy of the '886 patent is attached as Exhibit A.

11. FUJITSU infringes the '886 patent in at least two ways – first, with respect to its V.92 modem products, and second, with respect to its 802.11n compatible devices.

12. FUJITSU has been and now is directly infringing one or more claims of the '886 Patent, in this judicial District and elsewhere in the United States, by, among other things, practicing a method of communicating a learning sequence descriptor for use in constructing a learning sequence, said method comprising: transmitting a first parameter specifying a number of segments in said learning sequence; transmitting a second parameter specifying a sign pattern of each of said segments; and transmitting a third parameter specifying a training pattern of each of said segments, wherein said training pattern is indicative of an ordering of a reference symbol and a training symbol in each of said segments. Upon information and belief, FUJITSU practices the claimed method while testing and repairing FUJITSU laptop computers containing dial-up modems that operate according to the International Telecommunications Union ("ITU") V.92 (56Kbps) specification, including the Fujitsu Lifebook P1630. See http://solutions.us.fujitsu.com/www/content/support/mobile/warranty/warranty_terms.php.

13. FUJITSU also infringes the '886 patent through its 802.11n-compatible products. For example, upon information and belief, FUJITSU sells and offers for sale, in the United States and in this District, LIFEBOOK® T902 Tablet PC, STYLISTIC® Q702 Hybrid Tablet PC, Fujitsu LIFEBOOK T904 Convertible Ultrabook, Fujitsu LIFEBOOK® U904 Ultrabook™ Notebook, LIFEBOOK® S752 Notebook, and STYLISTIC® Q584 Tablet PC computers.

14. FUJITSU has been and now is directly infringing one or more claims of the '886 Patent, in this judicial District and elsewhere in the United States, by, among other things, practicing a method of communicating a learning sequence descriptor for use in constructing a learning sequence, said method comprising: transmitting a first parameter specifying a number of segments in said learning sequence; transmitting a second parameter specifying a sign pattern of each of said segments; and transmitting a third parameter specifying a training pattern of each of said segments, wherein said training pattern is indicative of an ordering of a reference symbol and a training symbol in each of said segments. Upon information and belief, FUJITSU practices the claimed method during its internal testing and repair of its LIFEBOOK® T902 Tablet PC, STYLISTIC® Q702 Hybrid Tablet PC, Fujitsu LIFEBOOK T904 Convertible Ultrabook, Fujitsu LIFEBOOK® U904 Ultrabook™ Notebook, LIFEBOOK® S752 Notebook, and STYLISTIC® Q584 Tablet PC computers. See http://solutions.us.fujitsu.com/www/content/support/mobile/warranty/warranty_terms.php.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,332,009

15. United States Patent No. 6,332,009 ("the '009 patent"), entitled "Method and apparatus for generating a line impairment learning signal for a data communication system," issued on December 18, 2001 from United States Patent Application No. 08/969,971 filed on November 13, 1997. Application No.

08/969,971 is a Continuation-In-Part of U.S. Patent Application Ser. No. 08/922,851, entitled Method and Apparatus for Generating a Programmable Synchronization Signal for a Data Communication System, filed Sep. 3, 1997. A true and correct copy of the '009 patent is attached as Exhibit B.

16. FUJITSU infringes the '009 patent in at least two ways – first, with respect to its V.92 modem products, and second, with respect to its 802.11n compatible devices.

17. FUJITSU has been and now is directly infringing one or more claims of the '009 Patent, in this judicial District and elsewhere in the United States, by, among other things, practicing an impairment learning method for use over a communication channel, said method comprising: transmitting a learning sequence descriptor over said communication channel, said learning sequence descriptor having a training symbol order; receiving a learning signal over said communication channel, said learning signal having a member of segments, each of said segments being associated with a sequence of symbols configured in accordance with said learning sequence descriptor, wherein said training symbol order is indicative of an assignment of a plurality of training symbols to said number of segments; and learning an impairment of said communication channel according to said learning signal. Upon information and belief, FUJITSU practices the claimed method while testing and repairing FUJITSU laptop computers containing dial-up modems that operate according to the International Telecommunications Union ("ITU") V.92 (56Kbps) specification, including the Fujitsu Lifebook P1630 containing the Agere Delphi D40 Modem AM5 supporting V.92 (56K). See http://solutions.us.fujitsu.com/www/content/support/mobile/warranty/warranty_terms.php.

18. FUJITSU also infringes the '009 patent through its 802.11n-compatible products. For example, upon information and belief, FUJITSU sells

1 and offers for sale, in the United States and in this District, LIFEBOOK® T902 Tablet PC, STYLISTIC® Q702 Hybrid Tablet PC, Fujitsu LIFEBOOK T904 Convertible Ultrabook, Fujitsu LIFEBOOK® U904 Ultrabook™ Notebook, LIFEBOOK® S752 Notebook, and STYLISTIC® Q584 Tablet PC computers.

19. FUJITSU has been and now is directly infringing one or more claims of the '009 Patent, in this judicial District and elsewhere in the United States, by, among other things, practicing an impairment learning method for use over a communication channel, said method comprising: transmitting a learning sequence descriptor over said communication channel, said learning sequence descriptor having a training symbol order; receiving a learning signal over said communication channel, said learning signal having a member of segments, each of said segments being associated with a sequence of symbols configured in accordance with said learning sequence descriptor, wherein said training symbol order is indicative of an assignment of a plurality of training symbols to said number of segments; and learning an impairment of said communication channel according to said learning signal. Upon information and belief, FUJITSU practices the claimed method during its internal testing and repair of its LIFEBOOK® T902 Tablet PC, STYLISTIC® Q702 Hybrid Tablet PC, Fujitsu LIFEBOOK T904 Convertible Ultrabook, Fujitsu LIFEBOOK® U904 Ultrabook™ Notebook, LIFEBOOK® S752 Notebook, and STYLISTIC® Q584 Tablet PC computers. See http://solutions.us.fujitsu.com/www/content/support/mobile/warranty/warranty_terms.php.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 6,570,932

20. United States Patent No. 6,570,932 ("the '932 patent"), entitled "Calculation and verification of transmit power levels in a signal point transmission system," issued on May 27, 2003 from United States Patent

7
**COMPLAINT**

1  Application No. 10/026,096 filed on December 21, 2001. Application No.
2  10/026,096 is a continuation of U.S. Patent Application Ser. No. 09/740,567, filed
3  Dec. 18, 2000, now U.S. Pat. No. 6,359,932, which is a continuation of U.S. Patent
4  Application Ser. No. 09/075,719, filed May 11, 1998, now U.S. Pat. No.
5  6,163,570. A true and correct copy of the '932 patent is attached as Exhibit C.

6        21.    FUJITSU has been and now is directly infringing one or more claims
7  of the '932 patent, in this judicial District and elsewhere in the United States, by,
8  among other things, practicing a method of communicating over a communication
9  channel using a constellation including a plurality of signal points, said method
10 comprising: determining a probability of transmission of each signal point of said
11 constellation; calculating an average power of said signal points using a power
12 formula based on said probability of transmission of each said signal point; and
13 comparing said average power with a transmit power limit. Upon information and
14 belief, FUJITSU practices the claimed method while testing and repairing
15 FUJITSU laptop computers containing dial-up modems that operate according to
16 the International Telecommunications Union ("ITU") V.92 (56Kbps) specification,
17 including the Fujitsu Lifebook P1630 containing the Agere Delphi D40 Modem
18 AM5 supporting V.92 (56K). See
19 http://solutions.us.fujitsu.com/www/content/support/mobile/warranty/warranty_ter
20 ms.php.

21 <center>**COUNT IV**</center>
22 <center>**INFRINGEMENT OF U.S. PATENT NO. 7,062,022**</center>

23       22.    United States Patent No. 7,062,022 ("the '022 patent"), entitled
24 "Method and apparatus for fast V.90 modem startup," issued on June 13, 2006
25 from a United States Patent Application No. 10/753,570 filed on January 8, 2004.
26 Application No. 10/753,570 is a Continuation of U.S. Patent Application Ser. No.
27 09/361,842, filed Jul. 27, 1999 now U.S. Pat. No. 6,819,749, which claims the
28

benefit of U.S. Provisional Application Ser. No. 60/128,874, filed Apr. 12, 1999. A true and correct copy of the '022 patent is attached as Exhibit D.

23.   FUJITSU has been and now is directly infringing one or more claims of the '022 Patent, in this judicial District and elsewhere in the United States, by, among other things, practicing a method for reducing startup latency associated with a data transmission system having a first device configured to communicate with a second device over a communication channel, said method comprising the steps of: establishing a call between said first device and said second device; determining whether a characteristic of said communication channel is similar to a corresponding characteristic associated with a previously established communication channel; and initializing at least one of said first and second devices using a number of stored parameters associated with said previously established communication channel, said initializing step being performed if said determining step determines that said characteristic is similar to said corresponding characteristic. Upon information and belief, FUJITSU practices the claimed method while testing and repairing FUJITSU laptop computers containing dial-up modems that operate according to the ITU V.92 (56Kbps) specification, including the Fujitsu Lifebook P1630 containing the Agere Delphi D40 Modem AM5 supporting V.92 (56K). See http://solutions.us.fujitsu.com/www/content/support/mobile/warranty/warranty_terms.php.

****

24.   By engaging in the conduct described herein, FUJITSU has injured MTS and is thus liable for infringement of the '886 patent, '009 patent, '932 patent, and '022 patent pursuant to 35 U.S.C. § 271.

25.   FUJITSU has committed these acts of infringement without license or authorization.

9
**COMPLAINT**

1        26.    As a result of FUJITSU's infringement of the '886 patent, '009 patent, '932 patent, and '022 patent, MTS has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for FUJITSU's infringement, but in no event less than a reasonable royalty for the use made of the invention by FUJITSU, together with interest and costs as fixed by the Court.

        27.    MTS has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting FUJITSU, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '886 patent, '009 patent, '932 patent, and '022 patent.  In particular, FUJITSU's disregard for MTS's property rights threatens MTS's relationships with the actual and potential licensees of this intellectual property, inasmuch as FUJITSU will derive a competitive advantage over any of MTS's current or future licensees by using MTS's patented technology without paying compensation for such use.  Accordingly, unless and until FUJITSU's continued acts of infringement are enjoined, MTS will suffer further irreparable harm for which there is no adequate remedy at law.

        28.    FUJITSU's infringement of the '886 patent, '009 patent, '932 patent, and '022 patent has been willful and deliberate, entitling MTS to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.  In particular, FUJITSU was informed of the '886 patent, '009 patent, '932 patent, '022 patent, and allegations of infringement no later than April 29, 2008 or shortly thereafter, when FUJITSU received a letter regarding same from TTL, a former assignee of the '886 patent, '009 patent, '932 patent, and '022 patent.  Despite awareness of the '886 patent, '009 patent, '932 patent, and '022 patent, and the infringing nature of its conduct, FUJITSU has continued such conduct and thereby has willfully infringed the '886 patent, '009 patent, '932 patent, and '022 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, MTS prays that this Court grant it the following relief:

A. A judgment in favor of MTS that FUJITSU has infringed the '886 patent, '009 patent, '932 patent, and '022 patent;

B. A permanent injunction enjoining FUJITSU and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '886 patent, '009 patent, '932 patent, and '022 patent, or such other equitable relief the Court determines is warranted;

C. A judgment and order requiring FUJITSU to pay MTS its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '886 patent, '009 patent, '932 patent, and '022 patent, as provided under 35 U.S.C. § 284;

D. A judgment and order that FUJITSU has willfully infringed the '886 patent, '009 patent, '932 patent, and '022 patent, and assessing increased damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284;

E. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to MTS its reasonable attorneys' fees against FUJITSU;

F. A judgment and order requiring FUJITSU to provide an accounting and to pay supplemental damages to MTS, including without limitation, pre-judgment and post-judgment interest; and

G. Any and all other relief to which MTS may be entitled.

### DEMAND FOR JURY TRIAL

MTS, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED: June 13, 2014          **RUSS, AUGUST & KABAT**

Alexander C. Giza, SBN 212327
agiza@raklaw.com
Andrew D. Weiss, SBN 232974
aweiss@raklaw.com
Jeffrey Z.Y. Liao, SBN 288994
jliao@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff*
*Modern Telecom Systems LLC*